UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------X
THOMAS GESUALDI and FRANK FINKEL,
As Trustees of Local 282 International
Brotherhood of Teamsters Welfare, Pension,
Annuity, Job Training and Vacation Sick Leave
Trust Funds,

                        Plaintiffs,

      - against -

BD HAULERS INC. and FRANK GILLETTE,

                        Defendants.
-------------------------------------------------X

**ORDER**
09-CV-448 (RRM)(RER)

**MAUSKOPF, United States District Judge.**

      Plaintiffs Thomas Gesualdi and Frank Finkel, as Trustees of Local 282 International Brotherhood of Teamsters Welfare, Pension, Annuity, Job Training and Vacation Sick Leave Trust Funds, commenced this action against Defendants BD Haulers Inc and Frank Gillette on February 4, 2009. Following the Clerk of Court's entry of a default against Defendants on March 25, 2009, the parties negotiated a settlement agreement, which was so ordered by this Court on May 19, 2009. On June 5, 2009, Plaintiffs moved for judgment on the pleadings, alleging that Defendants had violated the stipulation of settlement. Defendants never responded to Plaintiffs' motion, and on July 28, 2009 the motion was referred to the Honorable Ramon E. Reyes for a Report and Recommendations ("R&R").

      Magistrate Judge Reyes issued his R&R on November 20, 2009, recommending that Plaintiffs' motion be granted and that judgment be entered against Defendants in the amount of $35,111.31. Included in this amount are an award of $30,503.77 pursuant to the previously

signed stipulation of settlement, interest in the amount of $ 1,218.24, attorney's fees of $2,984.30 in connection with litigating this motion for judgment on the pleadings, and costs of $405.00. Magistrate Judge Reyes denied Plaintiffs' request for a permanent injunction, reasoning that they had not demonstrated irreparable harm in the event of a future breach of the stipulation of settlement, and so were not entitled to the requested equitable relief.

Pursuant to Rule 72(b)(2), the parties were provided until December 14, 2009 to lodge objections to the R&R. That period expired without the filing of objections by either party. Pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72, this Court has reviewed the unobjected to R&R for clear error and, finding none, concurs with the R&R in its entirety. *See Covey v. Simonton*, 481 F. Supp. 2d 224, 226 (E.D.N.Y. 2007). Accordingly, this Court ORDERS that Plaintiffs' motion be GRANTED in part and default judgment be entered against Defendants in the amount of $35,111.31, comprised of (1) $30,503.77 as the amount due under the stipulation; (2) $1,218.24 in interest for the period from March 17, 2009 to June 5, 2009, inclusive; (3) $2,984.30 in reasonable attorney's fees; and (4) $405.00 in costs. Plaintiffs' request for a permanent injunction is DENIED. Moreover, as per the stipulation of settlement, it is ORDERED that Plaintiffs be awarded additional interest accruing from June 6, 2009, the date they filed their motion for judgment on the pleadings, at the rate of 18% per annum.

SO ORDERED.

Dated: Brooklyn, New York
       December 21, 2009

_____
ROSLYNN R. MAUSKOPF
United States District Judge